No. 22-3835

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

THOMAS O'LEAR,

*Defendant/Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

_____

REPLY BRIEF OF APPELLANT O'LEAR

_____

DEBORAH L. WILLIAMS
Federal Public Defender

Kevin M. Schad
Attorney for Appellant
Appellate Director
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
513.929.4834
Kevin_schad@fd.org

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

ARGUMENT ............................................................................................................ 1

I.  ELIMINATING ALL NON "FULLY VACCINATED" PERSONS DEPRIVED O'LEAR OF TRIAL BEFORE A FAIR CROSS-SECTION OF THE COMMUNITY ................................................................ 1

II.  THE COURT FAILED TO MAKE FINDINGS SUFFICIENT TO SUPPORT THE OBSTRUCTION OF JUSTICE ENHANCEMENT .......... 7

III.  THE DISTRICT COURT ERRED IN IMPOSING VULERABLE VICTIM ADJUSTMENTS ............................................................ 10

IV.  THE COURT COMMITTED PROCEDURAL ERROR AT SENTENCING ........................................................................ 13

V.  THE GOVERNMENT ENGAGED IN VINDICTIVE PROSECUTION BY ADDING CHARGES BASED UPON CONDUCT ALREADY CHARGED IN THE INDICTMENT, WHICH INCREASED THE MANDATORY MINIMUM SENTENCE .................................... 15

CONCLUSION ...................................................................................................... 16

CERTIFICATE OF COMPLIANCE ...................................................................... 17

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Cases

*Almendarez-Torres v. United States*, 523 U.S. 224, 237, 118 S. Ct.
1219, 1227, 140 L. Ed. 2d 350 (1998) ..............................................14

*Berghuis v. Smith*, 559 U.S. 314, 319, 130 S. Ct. 1382, 1387, 176
L. Ed. 2d 249 (2010) ........................................................................1

*Haight v. Jordan*, 59 F.4th 817, 857 (6th Cir. 2023)............................15

*In re Bagsby*, 40 F.4th 740, 749 (6th Cir. 2022)..................................12

*Rosales-Mireles v. United States*, 201 L. Ed. 2d 376, 138 S. Ct. 1897,
1907 (2018).......................................................................................9

*Taylor v. Jordan*, 10 F.4th 625, 636 (6th Cir. 2021) ...........................2

*Taylor v. Louisiana*, 419 U.S. 522, 530, 95 S. Ct. 692, 698, 42 L.
Ed. 2d 690 (1975) ............................................................................5

*United States v. Abdi*, 463 F.3d 547, 564 (6th Cir. 2006) ..................4

*United States v. Amerson*, 886 F.3d 568, 578 (6th Cir. 2018)...............8

*United States v. Colon*. 64 F.4th 589 (4th Cir. 2023) .........................4

*United States v. Dunnican*, 961 F.3d 859, 879–80 (6th Cir. 2020)...................3

*United States v. Etoty*, 679 F.3d 292 (4th Cir. 2012).............................11

*United States v. Fleming*, 894 F.3d 764, 769 (6th Cir. 2018) .........................13

*United States v. Hakim*, 30 F.4th 1310, 1329 (11th Cir. 2022) ...............8

*United States v. Hymes*, 19 F.4th 928, 935 (6th Cir. 2021) ...................13

*United States v. Moon*. 513 F.3d 527 (6th Cir. 2008).............................10

*United States v. Stokes*, 392 F. App'x 362, 368 (6th Cir. 2010) .............12

*United States v. Wagoner*, 836 F. App'x 374, 380 (6th Cir. 2020) ...................2

*United States v. Warren*, 782 F. App'x 466, 475 (6th Cir. 2019) ............9

*United States v. Webster*, 615 F. App'x 362 (6th Cir. 2015) .................11

*United States v. Zabel*, 35 F.4th 493, 504 (6th Cir. 2022).......................13

## Statutes

34 U.S.C. § 20141 ...................................................................................14

42 U.S.C. § 10607(e)(2)(A) ....................................................................14

## ARGUMENT

### I.  ELIMINATING ALL NON "FULLY VACCINATED" PERSONS DEPRIVED O'LEAR OF TRIAL BEFORE A FAIR CROSS-SECTION OF THE COMMUNITY

The Government contends that it was not reversible error for the district court to exclude 30-40% of the community from the jury venire based solely on their status as being unvaccinated for COVID-19.   Their arguments fail to overcome the violation of O'Lear's constitutional Sixth Amendment right to a jury of his peers.

"The Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community." *Berghuis v. Smith*, 559 U.S. 314, 319, 130 S. Ct. 1382, 1387, 176 L. Ed. 2d 249 (2010).  That right is vitiated where a district court excludes a significant portion of the community based upon their decision to not undergo a specific medical treatment.

Both the Government and O'Lear agree on the framework for this issue: "[t]o establish a prima facie violation, the defendant must first show that 'the group alleged to be excluded is a 'distinctive' group in the community,' second 'that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the

community,' and third 'that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.'" *United States v. Wagoner*, 836 F. App'x 374, 380 (6th Cir. 2020)(internal citation omitted).

The Government first contends that O'Lear has not proven that unvaccinated persons are a distinctive group. However, unvaccinated persons are a distinctive group. "That requirement means that potential jurors cannot be excluded from the venire based on race [ ]; or sex [ ]; or occupation [ ]; or based on being part of any 'identifiable segments playing major roles in the community.'" *Taylor v. Jordan*, 10 F.4th 625, 636 (6th Cir. 2021). The Government claims that the statistics provided by O'Lear as to unvaccinated persons regarding their demographics, beliefs, etc. are "incomplete" and "anecdotal." However, the data is reliable, and identifies that 30-40% of the community are affected by this designation. Moreover, they are a distinctive group because they are a wide cross section of the community. As set forth in the initial brief, several definable categories of persons are largely excluded by the district court's order.

The Government asks this Court to compare unvaccinated persons and those opposed to the death penalty, which courts have held is not a distinctive group. (Government Brief, Page: 33) However, this helps prove O'Lear's point

– eliminating a potential jury member, during voir dire, based upon a specific belief is far different from the practice the district court performed here: eliminating an entire class of people based upon their health decision on a matter unrelated to the case.  The Government's argument to eliminate the unvaccinated as a distinctive group, if adopted, would provide a dangerous precedent.  Say, for instance, the district court had issued an order eliminating from consideration in the venire of anyone who was HIV positive, due to safety concerns.  According to the Government's arguments, this would raise no constitutional issues.

Second, the Government argues that any exclusion stems from "external forces", and thus is not a systemic exclusion.  But this argument is a misunderstanding of the test.  Systemic exclusion occurs where " the jury wheels, pools of names, panels or venires from which juries are drawn . . . exclude distinctive groups in the community and thereby fail to be reasonably representative therefor." *United States v. Dunnican*, 961 F.3d 859, 879–80 (6th Cir. 2020).  Here, the district court excluded all unvaccinated persons from the venire, thus eliminating 30-40% of the population.  This action is nothing other than systemic exclusion.

In a FRAP 28(j) letter filed after the responsive brief, the Government also relies on the Fourth Circuit's decision in *United States v. Colon*. 64 F.4th 589 (4th Cir. 2023). There, the Fourth Circuit did not utilize the *Duren* test (the test the Government admitted in its responsive brief was applicable as to this issue (Government Brief Page: 30)), but determined as a preliminary matter that the defendant was challenging the petit jury, and not the venire. Thus, "the Sixth Amendment's fair-cross-section requirement does not apply." *Id.* at – -.

There are at least two problems with this argument. First, the Government never made this argument in the court below, and thus it is waived. *United States v. Abdi*, 463 F.3d 547, 564 (6th Cir. 2006). Second, the district court's actions here are unlike those taken by the court in *Colon*. There, the court drew a jury pool, and then excluded for cause those jurors not vaccinated. The Fourth Circuit noted that most of the excluded jurors were also struck for other, unrelated reasons. In this case, the district court, prior to the venire even having been drawn, entered an order excluding all unvaccinated persons from the venire itself. Thus, the Fourth Circuit's decision is not on point.

Finally, the Government contends that, even if O'Lear made a prima facie showing, that it had a significant interest in excluding these persons from the

jury. Contrary to the Government's argument, there was no "compelling state interest" in the systematic exclusion of unvaccinated persons from the venire. Although the existence of COVD-19 was not the district court's fault, the exclusion of jurors who made the determination not to vaccinate was wholly a district court decision. The Government's arguments seem to conflate persons who have contracted COVID-19 with those not vaccinated. But this was not what occurred in this case. While the district court may have been justified in excluding venire members who were sick, this is a far distance from those venire members who determined they did not want the CDC's recommended treatment.

"Community participation in the administration of the criminal law, moreover, is not only consistent with our democratic heritage but is also critical to public confidence in the fairness of the criminal justice system. Restricting jury service to only special groups or excluding identifiable segments playing major roles in the community cannot be squared with the constitutional concept of jury trial." *Taylor v. Louisiana*, 419 U.S. 522, 530, 95 S. Ct. 692, 698, 42 L. Ed. 2d 690 (1975). The district court's determination to restrict jury service only to those willing to be vaccinated for COVID-19 violated the Sixth Amendment and requires vacation of the convictions.

II.    THE COURT FAILED TO MAKE FINDINGS SUFFICIENT TO
       SUPPORT THE OBSTRUCTION OF JUSTICE ENHANCEMENT

Because the district court failed to make adequate findings which would

support a determination that O'Lear committed perjury warranting a two-level

increase pursuant to U.S.S.G. § 3C1.1, a remand for resentencing is

necessary.

The parties disagree as to the proper standard of review.  The

Government claims that the defense never objected to the obstruction of

justice enhancement, and therefore review is limited to plain error.  There are

two problems with this argument.  First, it appears that the defense was in

the process of making an argument regarding obstruction at the sentencing

hearing when it was cut off by the district court. (R.87, Sentencing PAGE ID #

783)  Immediately after cutting off defense counsel, the court made its limited

finding regarding obstruction, stating "I don't want to interrupt you, but I – I

want to make it clear that I'm applying the two-level enhancement for

obstruction, not just because the jury, you know, found Mr. O'Lear guilty,

that's not – that's – I mean, that happens, that doesn't – that doesn't justify in

and of itself an enhancement for obstruction of justice. I'm applying it

because, as reflected in the presentence report, I have determined that Mr. O'Lear lied on the stand." (R.87, Sentencing PAGE ID # 784)

The purpose behind plain error review is that litigants should bring errors to the district court's attention to "allow district courts to make informed decisions about whether an error occurred, to correct any error brought to their attention, and 'to develop a full record on the issue' that will aid review on appeal." *United States v. Hakim*, 30 F.4th 1310, 1329 (11th Cir. 2022). There can be no argument but that the obstruction issue was brought to the district court's attention, and the district court had a full and fair opportunity to make its record on the topic. Because the district court understood and addressed the issue, the plain error standard simply does not apply. An obstruction of justice enhancement increases the base offense level. As such, "[t]he government bears the burden of proving obstruction of justice by a preponderance of the evidence." *United States v. Amerson*, 886 F.3d 568, 578 (6th Cir. 2018). Because the Government bore the initial burden of proof, and the district court made a ruling on the enhancement, no further objections were necessary to preserve this issue.

However, even under a plain error standard of review, O'Lear would still be entitled to relief. "A plain Guidelines error that affects a defendant's

substantial rights is precisely the type of error that ordinarily warrants relief under Rule 52(b)." *Rosales-Mireles v. United States*, 201 L. Ed. 2d 376, 138 S. Ct. 1897, 1907 (2018).  Here, such relief is warranted.  The district court imposed the two-level enhancement for obstruction based upon alleged perjury from O'Lear at sentencing, but did not cite to any specific statements by O'Lear, nor did the court make findings as to the elements of perjury. See *United States v. Warren*, 782 F. App'x 466, 475 (6th Cir. 2019)("For a district court to enhance a defendant's sentence under § 3C1.1, the court must: 1) identify those particular portions of defendant's testimony that it considers to be perjurious; and 2) either make a specific finding for each element of perjury or, at least, make a finding that encompasses all of the factual predicates for a finding of perjury.").  Moreover, to the extent the Government in its brief tries to do the district court's job for it by citing to specific statements in the record (Government Brief Page: 46), the Government, who bore the burden of proof, had the opportunity to do so at the sentencing hearing, and chose not to make a record.  It is the district court, and not the Government, which needs to determine whether O'Lear's statements constitute perjury.  On this record, a remand for resentencing is necessary.

## III.    THE DISTRICT COURT ERRED IN IMPOSING VULERABLE VICTIM ADJUSTMENTS

The district court erred in applying two separate vulnerable victim adjustments, as the persons alleged to be vulnerable victims were not "victims" of the offenses of conviction.  Further, the Government did not present evidence that the offense involved a "large number" of victims.

### A. U.S.S.G. § 3A1.1(b)(1)

The Government submits that relevant conduct principles allowed the district court to consider Portable Radiology Services clients as "victims," even though they were not harmed as a result of O'Lear's conduct, citing to this Court's decision in *United States v. Moon*. 513 F.3d 527 (6th Cir. 2008). However, the Government overreads *Moon*.  *Moon* did not hold, as the Government suggests, hold that relevant conduct encompasses the inclusion of persons not victims of the offenses of conviction.  Several important facts relating to *Moon* should temper this Court's reliance on it for purposes of this case.  First, the Court based its decision on a finding that the defendant's conduct caused direct harm to the victims: the defendant provided only partial doses of needed treatment to the elderly, thus depriving them of medicine. *Id.* at 541.  No such harm occurred here: the PRS clients were unaware of

10

O'Lear's conduct, and suffered no identified harm as a result of O'Lear's actions. Second, and more important, the defendant in *Moon* was not challenging the victims' status as victims – only that there was a "large amount" of victims. Therefore, *Moon* did not decide the issue.

The Government's citation to *United States v. Webster*, 615 F. App'x 362 (6th Cir. 2015) actually supports O'Lear's position. In *Webster*, the defendant stole individuals' identities by claiming to be a charity that would help those individuals. He then used their information to file tax returns in their name, taking the money. Those individuals suffered direct and proximate harm as a result of the defendant's actions and were properly labeled victims.

The Government's reliance on *United States v. Etoty*, 679 F.3d 292 (4th Cir. 2012) is similarly misplaced. *Etoty* was a social security fraud case, where the defendant took a victim's social security number and used it to take out loans in the victim's name. The victim in *Etoty* was a victim because she suffered direct harm because her credit was affected, and she had to work to get out of liability for those loans. Further, the defendant in *Etoty* was not arguing that a government entity was the victim. This out of circuit case is not on point, and not applicable to the arguments raised on appeal.

11

"So long as a person suffers reasonably foreseeable pecuniary harm as a result of an offense, he qualifies as a victim." *United States v. Stokes*, 392 F. App'x 362, 368 (6th Cir. 2010).  The bottom line is that O'Lear's patients were in no way, shape, or form the victims of his offenses.  This precludes an enhancement pursuant to U.S.S.G. § 3A1.1 and requires resentencing.

### B. U.S.S.G. § 3A1.1(b)(2)

Curiously, the Government makes no argument relating to the enhancement for O'Lear defrauding a "large number" of victims pursuant to U.S.S.G. § 3A1.1(b)(2).  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *In re Bagsby*, 40 F.4th 740, 749 (6th Cir. 2022).  This Court should therefore remand for resentencing, as O'Lear has raised a valid claim as to the lack of factual finding, and the Government has waived its response to this argument.

## IV.   THE COURT COMMITTED PROCEDURAL ERROR AT SENTENCING

The Government contends that the district court provided ample reasoning for the sentence imposed.  The Government provided four statements made by the court, relating to the amount of fraud involved in the offense[1], that O'Lear would not pay back restitution, that O'Lear had victimized the elderly, and finally that the sentence was "sufficient, but not longer than necessary" as sufficiently considering statutory sentencing factors, so as to make the sentence imposed procedurally reasonable.

A district court must "adequately explain" the sentence it imposed. *United States v. Zabel*, 35 F.4th 493, 504 (6th Cir. 2022).  Further, "a district court's failure to consider the 18 U.S.C. § 3553(a) factors— [ ] amounts to a procedurally unreasonable sentence." *United States v. Hymes*, 19 F.4th 928, 935 (6th Cir. 2021).  Here, the Government does not show where in the record

---

[1] The Government notes that the district court determined that Medicare was running out of money as an aggravating factor in O'Lear's case.  There was no evidence presented on this matter, and to the extent the Government relies on it as a finding, the district court should not have. See *United States v. Fleming*, 894 F.3d 764, 769 (6th Cir. 2018)(finding reversible procedural error where court relied on facts outside the record and not shared with litigants).

the district court considered § 3553 factors.  Nor could it – as the district court did not do so in this case.  Resentencing is required.

Next, the Government contends that consideration of Wright as a victim was not reversible error.  The Government relies on the definition of victim contained in 42 U.S.C. § 10607(e)(2)(A) to claim that former employee Wright was a victim of O'Lear's offenses.  As a preliminary matter, that statute no longer exists, but was repromulgated as 34 U.S.C. § 20141 back in 2017.  Moreover, 34 U.S.C. § 20141 limits the definition of victim to "this section," which refers to compensation under the Crimes Victims Fund.  That definition has no applicability to this case. See *Almendarez-Torres v. United States*, 523 U.S. 224, 237, 118 S. Ct. 1219, 1227, 140 L. Ed. 2d 350 (1998)("later enacted laws, however, are beside the point. They do not declare the meaning of earlier law.").  Wright was not a victim of O'Lear's offenses, and her general complaint about work conditions was not proper victim testimony.  Her testimony should not have been considered as victim testimony by the district court, and its consideration of such testimony requires a new sentencing hearing.

14

## V.    THE GOVERNMENT ENGAGED IN VINDICTIVE PROSECUTION BY ADDING CHARGES BASED UPON CONDUCT ALREADY CHARGED IN THE INDICTMENT, WHICH INCREASED THE MANDATORY MINIMUM SENTENCE

The Government concedes that it added two aggravated identity theft charges after plea negotiations did not go in their favor.  They also concede these charges raised the minimum mandatory sentence O'Lear faced.  The Government argues that they were in their rights to do so, and that no vindictive prosecution claim can lie based upon these facts.

A defendant can make out a case of vindictive prosecution "by establishing through objective evidence that the prosecutor's actions were to punish the defendant for standing on his legal rights." *Haight v. Jordan*, 59 F.4th 817, 857 (6th Cir. 2023).  Here, O'Lear had a constitutional right to reject a plea agreement, and a constitutional right to a jury trial.  The objective evidence shows that the Government punished O'Lear for exercising those rights by adding charges carrying more onerous punishments.  This Court should find that, under these circumstances, vindictive prosecution occurred, requiring vacation of the additional charges.

CONCLUSION

For the foregoing reasons, as well as those presented in the initial brief, O'Lear respectfully requests this Court vacate his convictions and/or sentence and remand for further proceedings consistent with the arguments made herein.

Respectfully Submitted,

DEBORAH L. WILLIAMS
Federal Public Defender

/s/ *Kevin M. Schad*
Kevin M. Schad
Attorney for Appellant
Appellate Director
Office of the Federal Public Defender
Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Fax (513) 929-4842
Kevin_schad@fd.org

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B). The relevant portions of the foregoing brief contain 3551 words in Century Schoolbook (14-point) type.  The word processing software used to prepare this brief was Microsoft Office 365.

/s/ *Kevin M. Schad*

Kevin Schad
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2023, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

Assistant United States Attorney Laura McMullen Ford

/s/ *Kevin M. Schad*

Kevin Schad
Attorney for Appellant